UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ZAKEE SHAKIR,

                Plaintiff,

    v.

CITY OF TACOMA, *et al.*,

                Defendants.

CASE NO. 3:24-cv-05879-BHS

REPORT AND RECOMMENDATION

Noting Date: November 12, 2024

      Plaintiff Zakee Shakir has filed an Application to Proceed *In Forma Pauperis* ("IFP") in the above-entitled action. Dkt. 5. After careful consideration of the IFP Application, the governing law and the balance of the record, the Court **RECOMMENDS** as follows:

      (1)    Because Plaintiff does not appear to have funds available to afford the $405.00 filing fee, Plaintiff financially qualifies for IFP status pursuant to 28 U.S.C. § 1915(a)(1). Therefore, the Court recommends **GRANTING** Plaintiff's IFP Application (Dkt. 5); and

      (2)    It is unclear to the Court if Plaintiff has named the City of Tacoma as a Defendant in this action. Specifically, while the caption of the Proposed Complaint names "City of Tacoma a municipal corporation" as a Defendant (*see* Dkt. 5-1 at 1), Plaintiff only names Tacoma Police

Officer Jonathon Dougles as a Defendant in the Defendant Information section of the Proposed Complaint (*id*. at 3).[1] Further, there are no allegations set forth against the City of Tacoma in the Proposed Complaint. *See id*. at 4–5. To assert a claim against the City of Tacoma here, Plaintiff would need to allege that a City policy, custom, or practice was the moving force behind the alleged constitutional violation. *E.g.*, *Whitaker v. Garcetti*, 486 F.3d 572, 581 (9th Cir. 2010). Plaintiff has not made such allegations against the City of Tacoma in the Proposed Complaint. *See* Dkt. 5-1. Therefore, the Court recommends this case only be allowed to proceed against Defendant Jonathon Dougles, and that the City of Tacoma be **DISMISSED**.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on November 12, 2024, as noted in the caption.

Dated this 28th day of October, 2024.

Grady J. Leupold
United States Magistrate Judge

---

[1] The Defendant Information section of the form § 1983 Complaint expressly states, "Make sure that the defendant(s) listed below are identical to those contained in the caption on the first page of the complaint." *See* Dkt. 5-1 at 3.