UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ZAKEE SHAKIR, | CASE NO. C24-5879 BHS |
| Plaintiff, | ORDER |
| v. | |
| JONATHON DOUGLAS, | |
| Defendant. | |

THIS MATTER is before the Court on the following motions: pro se plaintiff Zakee Shakir's motion for summary judgment, Dkt. 32, Shakir's motion to appoint counsel, Dkt. 35, and Shakir's motion for a protective order, Dkt. 39. The latter motion asks the Court to preclude defendant Douglas from subpoenaing or otherwise requesting documents from him. Each of the motions is denied.

First, summary judgment under Federal Rule of Civil Procedure 56(a) is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is "no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." In determining whether an issue of fact exists, the Court must view all evidence in the light most favorable to the nonmoving party and

ORDER - 1

draw all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50 (1986); *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). A genuine issue of material fact exists where there is sufficient evidence for a reasonable factfinder to find for the nonmoving party. *Anderson*, 477 U.S. at 248. The inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*. at 251–52.

Shakir's motion does not cite or include any evidence. Instead, he asserts that his case cannot go forward without a "taser" expert. He has not established that, as a matter of law, Defendant Douglas used excessive force on him. The summary judgment motion is **DENIED**.

Second, the court has already denied Shakir a court-appointed attorney, Dkt. 31, and nothing has changed to demonstrate that Shakir is likely to succeed on the merits of his claim or that other extraordinary circumstances exist. The motion to appoint counsel is **DENIED**.

Finally, Shakir has not articulated or met the standard for a protective order under Rule 26. His assertion that defense counsel "should be focused on one issue: was the plaintiff resisting," is not a basis for precluding the defense from conducting inquiry into, among other matters, the nature and extent of his claimed injuries. His medical records are relevant and the motion for a protective order precluding the defendant from obtaining them is **DENIED**.

//

1 | **IT IS SO ORDERED**.

2 | Dated this 19th day of November, 2025.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge