UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ZAKEE SHAKIR,

               Plaintiff,

    v.

JONATHON DOUGLAS,

               Defendant.

CASE NO. C24-5879 BHS

ORDER

THIS MATTER is before the Court on defendant Jonathan Douglas's motion for summary judgment, Dkt. 46, and on pro se plaintiff Zakee Shakir's responsive, third motion for summary judgment, Dkt. 57.

Shakir's complaint, Dkt. 8, alleges that on August 15, 2023, Tacoma Police Officer Douglas used excessive force in arresting[1] Shakir, and that the incident was videotaped by the officers' "body cams," or Body Worn Cameras (BWC). Dkt. 8 at 6. He

---

[1] Shakir was arrested on suspicion of malicious mischief and assault. He threw a rock through a storefront window, repeatedly cut a construction water hose with a knife, and was reported to have threatened a construction worker with that knife. There was apparently a knife on the passenger seat of Shakir's minivan when Douglas and Franco initially approached him, in his vehicle near the scene of the incidents, before he was tasered and fled. Shakir pled guilty to malicious mischief and resisting arrest. Dkt. 46 at 7.

ORDER - 1

alleges and claims that Douglas "unlawfully grabbed my right leg, twisting it, and from that unlawful excessive force he broke my leg putting me in the hospital on 8-17-23." *Id*. Shakir alleges that Douglas "bent down and grabbed my right foot twisting my leg breaking my leg on purpose intentionally under color of state law." *Id*. He asserts a single § 1983 claim for violation of his Fourth Amendment constitutional rights. Shakir "accepts" that he was tased for non-compliance with the officers' orders to get out of his car, but "does not agree with" the use of excessive force to break his leg. *Id*.

Douglas moves for summary judgment, arguing that Shakir's factual allegations are flatly contradicted by the footage of the entire event, taken from Douglas's BWC, and especially the footage taken from non-party Officer Ruanni Franco's BWC. Dkt. 46. The videos are in the record, Dkt. 54, and the Court has reviewed them. Douglas argues that Shakir cannot prove that anything Douglas did caused his broken leg, that the BWC footage demonstrates the falsity of his allegations about what happened. He argues Douglas's conduct was objectively reasonable under the circumstances, and that he is entitled therefore to qualified immunity even if the force he used was excessive. Dkt. 46 at 2.

Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is "no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether an issue of fact exists, the Court must view all evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50 (1986);

*Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). A genuine issue of material fact exists where there is sufficient evidence for a reasonable factfinder to find for the nonmoving party. *Anderson*, 477 U.S. at 248. The inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*. at 251–52. The moving party bears the initial burden of showing that there is no evidence that supports an element essential to the nonmovant's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the movant has met this burden, the nonmoving party then must show that there is a genuine issue for trial. *Anderson*, 477 U.S. at 250. If the nonmoving party fails to establish the existence of a genuine issue of material fact, "the moving party is entitled to judgment as a matter of law." *Celotex*, 477 U.S. at 323–24.

There is no requirement that the moving party negate elements of the non-movant's case. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 885 (1990). Once the moving party has met its burden, the non-movant must then produce concrete evidence, without merely relying on allegations in the pleadings, that there remain genuine factual issues. *Anderson*, 477 U.S. at 248.

Shakir's response, and his own summary judgment motion, does not include any evidence. Even if Shakir's testimonial allegations are accepted as evidence in opposition to summary judgment, they do not alter the fact that the video demonstrates that Douglas did not kneel down and twist Shakir's foot, intentionally or otherwise. The officers were trying to persuade Shakir to leave his vehicle, orally and then physically. Shakir concedes he resisted. While Franco held on to Shakir's t-shirt and tried to pull him from the

ORDER - 3

driver's side of the minivan, Douglas briefly pulled on the back of Shakir's right calf, trying to pull him out of the car. That effort was unsuccessful, and Douglas twice deployed his taser. Shakir was nevertheless able to start the vehicle and drive off.

Shakir does not address what the two videos do show. Instead, he insists that Douglas's BWC has "missing footage" that would show what really happened, and argues that Douglas failed to provide the entire video. He contends that he is entitled to summary judgment based on the missing video.

These assertions are not enough to create a material question of fact about what happened. The footage the Court reviewed starts before the officers' interaction with Shakir, shows them calmly but persistently telling him to get out of the car, warning him that he would be tased, Shakir refusing to comply and getting tased, and nevertheless driving away from Douglas and Franco. The better view is Franco's, but it not possible that Douglas intentionally or unlawfully or excessively twisted Shakir's foot or broke Shakir's leg in the footage in evidence. The BWC footage—the only evidence in the record—captures the entirety of Douglas's interaction with Shakir, and it does not show him twisting Shakir's foot or doing anything else excessive under the circumstances. Dkt. 54.

Shakir's burden on Douglas's summary judgment motion is to provide evidence which, viewed in the light most favorable to him, would permit a reasonable jury to find in his favor. Shakir has provided no evidence; he has only asserted that Douglas's evidence is incomplete. The Court disagrees. The BWC footage is the only, and best

ORDER - 4

evidence of what happened, and it definitively does not show Douglas intentionally or excessively twisting Shakir's foot to break his leg.

Furthermore, and in any event, the qualified immunity doctrine shields government officials performing discretionary functions "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). A two-part test resolves claims of qualified immunity by determining whether plaintiffs have alleged facts that "make out a violation of a constitutional right," and if so, whether the "right at issue was 'clearly established' at the time of defendant's alleged misconduct." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (citing *Saucier v. Katz*, 533 U.S. 194, 200-01 (2001)).

Qualified immunity protects officials "who act in ways they reasonably believe to be lawful." *Garcia v. County of Merced*, 639 F.3d 1206, 1208 (9th Cir. 2011) (quoting *Anderson v. Creighton*, 483 U.S. 635, 641 (1987)). The reasonableness inquiry is objective, evaluating whether an official's actions are "objectively reasonable" in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation. *See Graham v. Connor*, 490 U.S. 386, 397 (1989)).

Even if an official's decision is constitutionally deficient, qualified immunity shields her from suit if her misapprehension about the law applicable to the circumstances was reasonable. *See Brosseau v. Haugen*, 543 U.S. 194, 198 (2004). As a privilege from suit, not merely from liability, qualified immunity "gives ample room for

mistaken judgments" and protects "all but the plainly incompetent." *Hunter v. Bryant*, 502 U.S. 224, 229 (1991) (citing *Malley v. Briggs*, 475 U.S. 335 (1986)).

For a constitutional right to be clearly established, a Court must define the right at issue with specificity, and not at a high level of generality. *Gordon v. County of Orange*, 6 F.4th 961, 968 (9th Cir. 2021) (citing *City of Escondido v. Emmons*, 586 U.S. 38, 42 (2019)). The Court's goal is to "define the contours of the right allegedly violated in a way that expresses what is really being litigated." *Id.* at 969 (citation omitted). Qualified immunity is not meant to be analyzed in terms of a "general constitutional guarantee," but rather the application of constitutional principles "in a particular context." *Id.* (internal citations omitted). Ultimately, "the prior precedent must be 'controlling'—from the Ninth Circuit or Supreme Court—or otherwise be embraced by a 'consensus' of courts outside the relevant jurisdiction." *Id*. (citing *District of Columbia v. Wesby*, 538 U.S. 48, 63 (2019)).

The plaintiff bears the burden of proof that the right allegedly violated was clearly established at the time of the alleged misconduct. *Id*.; *see also Romero v. Kitsap County*, 931 F.2d 624 (9th Cir. 1991). However, because resolving whether the asserted federal right was clearly established presents a pure question of law, the Court draws on its "full knowledge" of relevant precedent rather than restricting its review to cases identified by the plaintiff. *Gordon*, 6 F.4th at 969 (citing *Elder v. Holloway*, 510 U.S. 510, 516 (1994)).

Shakir has not provided any authority for the proposition that a reasonable officer in Douglas's position would have known that his conduct was unconstitutional. The video does not show "plain incompetence"; it shows that Shakir was actively resisting arrest

and the officers reasonably trying to pull him from his vehicle, and to keep him away from the knife in that vehicle. On this evidence, Douglas is entitled to qualified immunity as a matter of law.

Douglas's summary judgment motion, Dkt. 46, is **GRANTED**, and Shakir's § 1983 claim against him is **DISMISSED** with prejudice. Shakir's motion for summary judgment, Dkt. 57, is **DENIED**.

The Clerk shall enter a **JUDGMENT** and close the case.

**IT IS SO ORDERED**.

Dated this 12th day of May, 2026.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 7